IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN BOARD OF OBSTETRICS AND GYNECOLOGY, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| OB/GYN BOARD PREP, LLC AND WENDELL WALL, M.D., | § § § § | |
| Defendants. | § § | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff American Board of Obstetrics and Gynecology, Inc. ("ABOG") brings this action against Defendants OB/GYN Board Prep, LLC and Wendell Wall, M.D. (collectively "Defendants") under 17 U.S.C. § 101, *et seq.* (the "Copyright Act"), to recover damages caused by Defendants' continued, systematic, unauthorized and willful copying of ABOG's registered, copyrighted works.

### I. NATURE OF ACTION

1.      Defendants' actions were willful, substantially damaged ABOG, and threaten ABOG's core mission of continuously improving the quality, safety and integrity of health care in the United States.

2.      By repeatedly copying and distributing copyrighted ABOG exam forms, exam questions and exam answers (collectively, "exam materials") without authorization

from ABOG, Defendants have caused significant harm to ABOG and have earned unjust profits for themselves.

3.      ABOG seeks all remedies afforded by the Copyright Act, including statutory damages or actual damages and Defendants' profits, an award of costs, including legal fees, and impoundment of the infringing materials.

4.      Because Defendants' repeated infringements were willful, a jury has discretion to award statutory damages of up to $150,000 for each willfully infringed registered work.

## II. PARTIES

5.      ABOG is an independent, non-profit Delaware corporation with its principal offices in Dallas, Texas.  Founded in 1927, ABOG strives to improve the quality of healthcare by certifying the professional qualifications and experience of obstetricians and gynecologists in the United States through a series of examinations designed and administered by ABOG to test professional competency.

6.      Defendant Wendell Wall, M.D. ("Defendant Wall" or "Dr. Wall") is an individual and a citizen of the State of Minnesota.  Defendant Wall may be served with process at 3001 Sanford Parkway, Thief River Falls, Minnesota 56701.  Upon information and belief, Defendant Wall is the principal owner and CEO of OB/GYN Board Prep, LLC.

7.      Defendant OB/GYN Board Prep, LLC ("OB/GYN Board Prep") is a for-profit corporation that is incorporated under the laws of the State of Minnesota.  OB/GYN Board Prep operates a nationwide, internet-based commercial test-preparation program which purports to assist prospective examinees in preparing for ABOG exams.  OB/GYN

Board Prep's principal place of business is located at 1805 Nelson Drive, Thief River Falls, Minnesota 56701.  OB/GYN Board Prep does not have a registered agent for service of process in the State of Texas; however, Dr. Wall is OB/GYN Board Prep's registered manager in the State of Minnesota.

## III. JURISDICTION AND VENUE

8.      This is a civil action seeking monetary and injunctive relief for copyright infringement under the laws of the United States, 17 U.S.C. § 101, *et seq.*

9.      This Court has original jurisdiction over the lawsuit under 28 U.S.C. §§ 1331 and 1338(a).

10.      Defendants Wall and OB/GYN Board Prep are subject to jurisdiction in this district, and venue is proper under 28 U.S.C. §§ 1391 and 1400(a) because a substantial part of the events giving rise to this claim occurred in this district and because both Defendants are subject to this Court's personal jurisdiction with respect to this action.  This claim arises from Defendants' business activities in Texas and with Texas residents, which include: (a) commercial transactions between Defendants and residents of the State of Texas; (b) ongoing interactions and communications in Texas between Defendants and residents of the State of Texas; (c) ongoing interactions and communications through the OB/GYN Board Prep website between Defendants and residents of the State of Texas; and (d) Defendants' continual appearances in this district to conduct business by meeting with doctors to prepare for exams, to unlawfully collect copyrighted material, and unlawfully distribute copies and/or utilize ABOG's copyrighted exam materials.  ABOG has suffered harm in this district as a direct result of Defendants' unlawful actions.

## IV. FACTS

### A.      Factual Allegations Regarding ABOG And ABOG Exams

11.      ABOG is an independent, non-profit organization that certifies obstetricians and gynecologists in the United States who demonstrate competencies sufficient to qualify them as diplomates of the ABOG.

12.      ABOG is, and at all relevant times has been, the exclusive owner of copyrights in the ABOG exam forms and exam questions (including answer choices) that ABOG develops to test the competencies of physicians seeking certification as diplomates of the ABOG.

13.      To become Board certified, a physician must demonstrate by passing ABOG's exams that he or she has obtained the expertise necessary to be recognized as having special competency in the practice of obstetrics and gynecology.

14.      ABOG examines and certifies approximately 1,700 obstetricians-gynecologists and sub-specialists in those disciplines each year.  ABOG offers both written and oral exams in basic OB/GYN, as well as subspecialty written and oral exams in maternal-fetal medicine, gynecologic oncology, reproductive endocrinology and infertility, and female pelvic medicine and reconstructive surgery.  Oral exams are conducted in November, December, January and April, and are administered in Dallas.  Written exams are offered once a year at test centers throughout the United States.  Additionally, more than 30,000 physicians are annually enrolled in the maintenance of certification process, and a subset of these sit for a secure written examination each year.  ABOG exams are developed at ABOG's headquarters in Dallas, Texas.

15.     The development of ABOG exam materials is a time-consuming and expensive process involving numerous doctors and several levels of review and analysis. ABOG written exams are designed to determine a candidate's knowledge base in obstetrics and gynecology.  Each ABOG oral exam is meticulously crafted to assess how a candidate practices clinically in their specialty or sub-specialty.

16.     ABOG's exam materials are original, copyrightable content and are covered by certificates of copyright registration. The "TX" registration numbers assigned by the Copyright Office to ABOG forms and/or questions registered by ABOG include, but are not limited to, the following: TX 7-213-119, TX 7-213-120, TX 7-213-493, TX 7-213-509, TX 7-213-545, TX 7-328-903, TX 7-414-160, TX 7-414-163, TX 7-414-167, TX 7-414-174, TX 7-414-177, TX 7-420-855, TX 7-501-264, TX 7-501-270, TX 7-501-275, TX 7-501-291, TX 7-556-167, TX 7-556-177, TX 7-556-181, TX 7-556-187, TX 7-556-200, TX 7-556-212, TX 7-556-216, TX 7-693-043, TX 7-693-045, TX 7-693-047, TX 7-693-049, TX 7-693-051, TX 7-693-054, TX 7-693-056, TX 7-693-058, TX 7-693-059, TX 7-717-099, TX 7-717-147, TX 7-717-155, TX 7-717-156 TX 7-717-157, TX 7-717-158, TX 7-717-159, TX 7-717-160, TX 7-717-161, TX 7-717-165, TX 7-717-166, TX 7-717-167, TX 7-717-168, TX 7-738-669, TX 7-738-670, TX 7-738-672, TX 7-738-673 TX 7-738-674, TX 7-738-706, TX 7-738-707, TX 7-738-709, TX 7-738-710, TX 7-738-711, TX 7-738-720, TX 7-738-721, TX 7-738-722, TX 7-738-724, TX 7-738-725, TX 7-738-726, TX 7-790-303, TX 7-802-925, TX 7-802-928, TX 7-802-933, TX 7-802-937, TX 7-802-952, TX 7-802-955, TX 7-802-956,  TX 7-802-959, TX 7-802-962, TX 7-802-965, TX 7-802-968, TX 7-802-973, TX 7-802-976, TX 7-885-051, TX 7-885-067, TX 7-885-068, TX 7-885-

069, TX 7-885-071, TX 7-885-073, TX 7-885-075, TX 7-885-076, TX 7-885-077, TX 7-885-079, TX 7-885-080, TX 7-885-084, TX 7-885-089, TX 7-885-094, TX 7-885-097, TX 7-885-102, TX 7-885-106, TX 7-885-113, TX 7-952-548, TX 7-885-120, TX 7-852-673, TX 7-952-537, TX 7-952-540, TX 7-952-542, TX 7-952-544, TX 7-952-548, TX 7-952-668, TX 7-952-673, TX 7-952-676, TX 8-104-004, TX 8-104-007, TX 8-104-045, TX 8-104-061, TX 8-104-064, TX 8-104-086, TX 8-104-093, TX 8-104-102, TX 8-104-105, TX 8-104-110, TX 8-104-116, TX 8-104-119, TX 8-104-123,  TXu 1-721-579, TXu 1-721-580, TXu 1-721-582, TXu 1-257-140, TXu 1-646-608, and TXu 1-336-717. ABOG has complied in all respects with the requirements of the Copyright Act, 17 U.S.C. § 101, *et seq.*

17.     Among the exclusive rights granted to ABOG by the Copyright Act are the exclusive rights to copy, display, distribute and publish the copyrighted exam materials; to authorize others to do so; and to prepare derivative works.  ABOG has never authorized any individual or entity any right to copy, display, distribute or publish these copyrighted materials.

18.     Restriction of access to ABOG exam materials is critical to their effectiveness.  Accordingly, ABOG goes to great lengths to ensure that their exams are, and remain, "secure" exams that are not disclosed to the general public.  The American Board of Obstetrics and Gynecology Examination Professionalism and Integrity Policy states:

> The ABOG examinations are confidential, and are protected by federal copyright and trade secret laws.  Disclosure or any other unauthorized use of ABOG examination content

> constitutes professional misconduct and may expose the candidate or Diplomate to criminal as well as civil liability. Such disclosure may also result in ABOG's imposition of penalties against them, including but not limited to, invalidation of examination results, exclusion from future examinations, suspension, revocation of certification and other sanctions.[1]

Further, to re-emphasize the importance of keeping the contents of ABOG's written exams confidential, examinees were warned that:

> Candidates are not allowed to access recording devices, cellular phones, paging devices, other electronic communication and/or recording devices, and writing instruments during the written examination. If such a device is discovered at any time during the examination, or if the candidate accesses any such device for any reason, the candidate will not receive a grade for any portion of the examination, and all fees will be forfeit.[2]

As for oral exams, the examinees were informed that:

> Recording devices, cellular phones, paging devices, all other electronic communication devices, and writing instruments may not be taken into the oral examination. If any such device is discovered at any time during the examination, the examination will be halted immediately, and the candidate will be dismissed from the examination. The candidate will not receive a grade for any portion of the examination, and all fees will be forfeit.[3]

19.    Since 2004, ABOG has utilized electronic applications for all of its examinations. Everyone that is applying to sit for an ABOG examination must complete an electronic application, and all users are required to accept the Terms of Application

---

[1] Exhibit A (ABOG Examination Professionalism and Integrity Policy).

[2] Exhibit B at page 14 (2013 Bulletin for Basic Certification in Obstetrics and Gynecology).

[3] *Id.* at page 15.

before their electronic application can be completed. The "Confidentiality" paragraph of

the electronic application states:

> All examination materials are copyrighted by the American
> Board of Obstetrics and Gynecology, Inc. Any disclosure of
> the questions or answers or their substance, in whole or in part,
> to any person, organization or entity, public or private, orally,
> in writing, or by other form of communication is strictly
> prohibited.[4]

20.     Defendant Wall is an ABOG diplomate who has taken no less than nine

ABOG examinations since 1983.  Defendant Wall was required to review, agree to, and

electronically sign the ABOG application as part of the pre-examination procedure for all

nine of the ABOG examinations that Defendant Wall sat for.  It has been made clear to

Defendant Wall that any copying of ABOG exam questions is prohibited.

## B.     Defendants' Unlawful Conduct

21.     As an ABOG diplomate, Defendant Wall is familiar with ABOG's policies

and rules.  Notwithstanding Defendant Wall's awareness that copyrighted ABOG exam

materials are not to be disclosed to the public, upon information and belief, Defendant Wall

and OB/GYN Board Prep have continually and actively solicited third-party examinees to

copy, record and transmit copyrighted ABOG exam materials to Defendants, which has

directly resulted in unjust profits for Defendants. Moreover, Defendants have obtained,

used, copied and distributed copyrighted ABOG exam materials that have been illegally

disclosed by Defendants and other individuals who have taken ABOG exams.

---

[4] Exhibit C, at p. 7 (ABOG – Terms of Application).

22.     OB/GYN Board Prep has promoted and advertised[5] its ability to duplicate ABOG's exams. In the description of its written practice tests, the OB/GYN Board Prep website boasted that its "[p]ractice exams are one of the most accurate and realistic approaches to review for the written exam, as they test the candidate's success on actual exam questions and can easily identify areas of weakness before the exam."[6]

23.     The OB/GYN Board Prep website also advertised the access to questions and answers that were identical or substantially similar to actual ABOG exam questions and answers (referred to by Defendants as "remembrances") that customers would receive if they signed up for an OB/GYN Board Prep test prep course. In a blog post which discussed the OB/GYN Board Prep "Written Study Programs" for the ABOG written exam, Dr. Wall stated: "We will be reviewing previous exam remembrances and discussing new computerized remembrance test questions that may be asked on the boards this year." [7] The same blog post concluded, boasting:

> **Remember, ALL OF DR. WALL'S COURSE ARE COMPUTERIZED SIMULATED EXAMS THAT MIMIC THE ACTUAL BOARD EXAM. WE ARE THE ONLY COURSE THAT IS OFFERING THIS. WE HAVE ACCUMULATED OVER 600 REMEMBRANCES FROM LAST YEARS EXAM. WE ALSO HAVE A LARGEST BANK OF OLD REMEMBRANCE TOPIC/QUESTIONS FROM PREVIOUS ABOG/ABOOG EXAMS.[8]**

---

[5] As discussed in paragraph 24, OB/GYN Board Prep modified its website in an apparent attempt to conceal its infringing conduct. Accordingly, screenshots of the statements that were present on an earlier version of OB/GYN Board Prep's website are attached hereto.

[6] Exhibit D (OB/GYN Board Prep website: Take a Practice Exam [archived March 15, 2012]).

[7] Exhibit E (OB/GYN Board Prep website: Written Study Programs for the 2011 ABOG/ABOOG [archived February 25, 2011]).

[8] *Id*. (emphasis in original).

24.     Based on information present on their own website, Defendants appear to be in possession of "remembrances" illegally copied from both ABOG written and oral exams. Another blog post on the OB/GYN Board Prep website provided that:

> We will be discussing written recent remembrances from the ORAL ABOG board, MOCK ORALS, case list preparation, Oral Board Topics, and strategies to help you pass the oral board this year.[9]

25.     The common theme on the OB/GYN Board Prep website prior to February of 2013 was Defendants' ability to provide its customers with study materials that contained questions and answers that were identical, or substantially similar, to the questions and answers that have appeared on previously administered ABOG copyrighted exams, and that will appear again on upcoming ABOG exams.

26.     However, in February of 2013 when ABOG filed a similar lawsuit against ExamPro, a test-prep company that competes with OB/GYN Board Prep for business, virtually all of these revealing statements on the OB/GYN Board Prep website were altered. Where before the ExamPro lawsuit the OB/GYN Board Prep website proudly advertised its use of specific ABOG questions and answers in its test-prep materials, the revised website deleted all references to the "remembrances" in its possession and instead only spoke to the Defendants' ability to predict *topics* that might be tested on upcoming ABOG exams. For example, before the ExamPro lawsuit the "Webinars – Written Test Preparation" section of the OB/GYN Board Prep website read:

> Starting your study for the Written exam in advance gives you the biggest opportunity for a passing score. **Previous exam remembrances discussed** and a 50-question timed exam is

---

[9] Exhibit F (OB/GYN Board Prep blog: Oral Board Preparation for 2010-2011 Exam [posted July 2, 2011]).

> given nightly to test your baseline knowledge. Faculty member interaction ensures complete understanding of material. **Included is the 2010 exam file and 1300 exam remembrances researched from 1999-2010**. This program is designed for the candidate who wants the leading edge of all of the topics and board-style questions.[10]

And after the ExamPro lawsuit, the "Written Test Preparation Webinars – LIVE" section

of the OB/GYN Board Prep website was changed to read:

> Starting your study for the Written exam in advance gives you the biggest opportunity for a passing score. Core topics listed in the ABOG Bulletin discussed and a 50-question timed exam is given nightly to test your baseline knowledge. Faculty member interaction ensures complete understanding of material. This program is designed for the candidate who wants the leading edge of all of the topics and multiple choice questions.[11]

27.     Similarly, before the ExamPro lawsuit the "Must Pass Study Camp – Written

Exam" section of the OB/GYN Board Prep website read:

> Interactive course-candidates are assigned to present assigned topics and faculty members interact to ensure complete understanding. **High yield material presented on previous year's exams**. Pass rate on attendance to camp 95%. **File of 1300 remembrances included.[12]**

And shortly after the lawsuit this section of the OB/GYN Board Prep website was

changed to read:

> Interactive course-candidates are assigned to present assigned topics in front of the class and faculty members interact to ensure complete understanding. This course will focus on

---

[10] Exhibit G (OB/GYN Board Prep website: Webinars – Written Test Preparation [archived March 15, 2012]) (emphasis added).

[11] Exhibit H (OB/GYN Board Prep website: Written Test Preparation Webinars – LIVE).

[12] Exhibit I (OB/GYN Board Prep website: Must Pass Written Study Camp [archived March 15, 2012])(emphasis added).

everything you need to important to the Practice of OB/GYN.
Pass rate on attendance to camp 95%.[13]

28.    These changes to OB/GYN Board Prep's website in early 2013 demonstrate that the Defendants knew they were participating in the unauthorized and illegal usage of copied ABOG exam materials, and that they were aware of the copyright liability such activity exposed them to.  However, there is no indication that Defendants have removed the copied materials from their courses or destroyed their voluminous collection of "remembrances."

29.    The individuals who have copied, recorded and transmitted the ABOG exam materials that are used by Defendants have done so at the urging of Defendants, or their actions are otherwise subject to Defendants' control. Evidence of such was present in a blog post on the OB/GYN Board Prep website which concluded by stating that "[w]e are also interested if you have any remembrances you would like to share with us."[14]

30.    Defendants have displayed, reproduced, published and distributed confidential, copyrighted ABOG exam materials for their own profit.  Defendants do not have and have never had permission from ABOG to display, reproduce, publish, distribute, or prepare derivative works based on any copyrighted ABOG exam materials.

31.    As shown above, Defendants' misappropriation, use, and distribution of ABOG's copyrighted exam materials has, at all relevant times, been, and continues to be, upon information and belief, willful and knowing.

---

[13] Exhibit H (OB/GYN Board Prep website: Must Pass Written Study Camp).

[14] Exhibit I (OB/GYN Board Prep blog: Passing Score for the 2009 Written Boards (posted August 25, 2009)).

## COUNT I: COPYRIGHT INFRINGEMENT

32.     ABOG incorporates the allegations contained in each paragraph above as if fully set forth herein.

33.     Each ABOG exam is an original work of authorship that is copyrighted under the laws of the United States upon creation.  ABOG owns the copyright in each ABOG exam, and in the questions and answers contained therein.  As evidence of this, ABOG has been issued certificates of registration by the United States Copyright Office.

34.     Defendants have copied, reproduced, published and distributed copyrighted ABOG exam materials and derivations thereof without permission or authorization from ABOG.   Defendants' unauthorized copying and distribution of copyrighted ABOG materials directly infringes ABOG's registered copyrights therein in violation of 17 U.S.C. § 501, *et seq.*

35.     Defendants' infringement was and continues to be willful, intentional and in reckless disregard of and indifferent to the rights of ABOG.  Defendants' infringement has harmed ABOG, and ABOG is therefore entitled to damages and other relief.

36.     At any time before final judgment ABOG is entitled, under 17 U.S.C. § 504(c), to elect to receive statutory damages in lieu of actual damages and profits.  For willful copyright infringement, the jury may award up to $150,000 for each of ABOG's works that Defendants have infringed upon.  The exact number of infringed works has yet to be determined but will be learned during discovery.

37.     ABOG is also entitled to receive attorney fees.  The Copyright Act authorizes a court to award attorney fees to the prevailing party.  *See* 17 U.S.C. § 505.

38.     Alternatively, under 17 U.S.C. § 504(a), ABOG may choose to recover Defendants' profits attributable to infringement plus ABOG's actual damages.  The statute further provides that,

> [i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenues, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

*See* 17 U.S.C. § 504(b).

39.     Defendants' gross revenues over the period of the infringement are not known at this time, but will be determined during discovery.

## COUNT II: CONTRIBUTORY INFRINGEMENT

40.     ABOG incorporates the allegations contained in each paragraph above as if fully set forth herein.

41.     With knowledge of the infringing activities, Defendants have induced, caused, and materially contributed to the acts of third parties which infringed upon copyrights held by ABOG.  Among other activities, Defendants have: (a) encouraged, solicited and instructed third parties to copy, record and transmit copyrighted ABOG exam materials to Defendants, and (b) distributed through the OB/GYN Board Prep website, and/or through employees and agents of OB/GYN Board Prep, without ABOG's knowledge or permission, copies of copyrighted ABOG exam materials.

42.     Defendants' willful acts have harmed ABOG, for which ABOG is entitled to damages and other relief.

## COUNT III: VICARIOUS LIABILITY FOR INFRINGING
## CONDUCT OF OTHERS

43.     ABOG incorporates the allegations contained in each paragraph above as if fully set forth herein.

44.     Defendants possess the right and ability to supervise and control what is included in the OB/GYN Board Prep materials that are published and distributed to potential ABOG examinees.  Defendants and their employees and agents have wrongfully induced third parties to copy, record and transmit copyrighted ABOG exam materials to Defendants in violation of ABOG's copyrights.

45.     Defendants have an obvious and direct financial interest in having copyrighted ABOG exam materials transmitted to them: Defendants are handsomely compensated by individuals who want access to the OB/GYN Board Prep questions and answers which mirror the questions and answers that will appear on upcoming ABOG exams because they were derived from actual exam questions in violation of ABOG's copyrights.

46.     Defendants know, and at all relevant times have known, that third parties are copying, recording and transmitting to them ABOG materials in violation of ABOG's copyrights.  Further, Defendants have at all relevant times known that the disclosure and distribution of such copyrighted ABOG exam materials has not been authorized by ABOG.

47.     Defendants are vicariously liable for these third-party infringements of ABOG's copyrights, and Defendants' acts have proximately caused harm to ABOG for which ABOG is entitled to damages and other relief.

COUNT IV: REQUEST FOR PERMANENT INJUNCTION

48.     ABOG incorporates the allegations above as if fully set forth herein.

49.     Defendants' conduct, as described above, has caused, and unless enjoined and restrained by this Court, will continue to cause serious and irreparable injury to ABOG that cannot be fully compensated or measured in money. ABOG has no adequate remedy at law. Accordingly, ABOG is entitled to a permanent injunction prohibiting further infringements of ABOG's copyrights and exclusive rights under said copyrights.

50.     ABOG requests a permanent injunction, as provided by 17 U.S.C. § 502 and other applicable laws, prohibiting Defendants, alone or in concert with any agent, representative, employer, employee, or person from:

      a) infringing ABOG's existing or future copyrights in any manner, by copying, duplicating, distributing, selling, publishing, reproducing, adapting, publicly performing, displaying, preparing derivative works based on, renting, leasing, offering, or otherwise transferring or communicating in any manner, orally or in written, printed, audio, photographic, electronic, or other form, including but not limited to any publication on the internet or communication in any class, seminar or presentation, any test question or answer that is identical or substantially similar to any ABOG exam question or answer as to which ABOG holds the copyrights;

      b) instructing, counseling, advising, requesting, or suggesting that any person with access to, or intending to obtain access to, any ABOG exam to disclose to any Defendant, or to any agent, representative, employer, or employee of any Defendant, any ABOG exam questions or answers (in whole or in part);

      c) attempting to reconstruct or duplicate any ABOG exam questions or answers that are accessed during an actual ABOG exam, through memorization, note taking or any other means or techniques; or

d) otherwise engaging in any conduct that unlawfully subverts or attempts to subvert any secure ABOG examination or the administration of any such ABOG examination.

51.    ABOG asks the Court to set its application for injunctive relief for a full trial on the issues and, after the trial, to issue a permanent injunction against Defendants, enjoining them as requested above.

## PRAYER FOR RELIEF

Wherefore, ABOG prays for judgment in its favor and against each Defendant as follows:

1. For a money judgment, jointly and severally against each Defendant:

   a) for ABOG's actual damages for infringement, and, after an accounting, for Defendants' profits attributable to the infringement; or

   b) at ABOG's election prior to the entry of final judgment in this case, and as an alternative to actual damages and profits, an award of statutory damages as permitted by the Copyright Act for each of ABOG's timely registered works upon which Defendants have infringed, including enhanced statutory damages of $150,000 per work for each of these works willfully infringed upon and timely registered;

2. For a permanent injunction, as provided by 17 U.S.C. § 502 and other applicable laws, prohibiting Defendants, alone or in concert with any agent, representative, employer, employee, or person from:

   a. infringing ABOG's existing or future copyrights in any manner, by copying, duplicating, distributing, selling, publishing, reproducing, adapting, publicly performing, displaying, preparing derivative works based on, renting, leasing, offering, or otherwise transferring or communicating in any manner, orally or in written, printed, audio, photographic, electronic, or other form, including but not limited to any publication on the internet or communication in any class, seminar or presentation, any test question or answer that is identical or substantially

similar to any ABOG exam question or answer as to which ABOG holds the copyrights;

b. instructing, counseling, advising, requesting, or suggesting that any person with access to, or intending to obtain access to, any ABOG exam to disclose to any Defendant, or to any agent, representative, employer, or employee of any Defendant, any ABOG exam questions or answers (in whole or in part);

c. attempting to reconstruct or duplicate any ABOG exam questions or answers that are accessed during an actual ABOG exam, through memorization, note taking or any other means or techniques; or

d. otherwise engaging in any conduct that unlawfully subverts or attempts to subvert any secure ABOG examination or the administration of any such ABOG examination;

3. For an order, as specifically provided by 17 U.S.C. § 503(b), for destruction of all infringing copies of materials that include all or any part of any copyrighted ABOG exam forms or exam questions (including answer choices), and all plates or other items used in preparing such infringing materials;

4. For an award of pre-judgment and post-judgment interest;

5. For ABOG's costs of this action, including ABOG's reasonable attorney's fees incurred in this action; and

6. For such other and further relief as the Court may deem just and proper.

JURY DEMAND

ABOG demands a trial by jury.

Respectfully submitted,

/s/  Scott A. Fredricks

Stephen L. Tatum
Texas Bar No. 19674500
Email: statum@canteyhanger.com
John S. Polzer
Texas Bar No. 24042609
Email: jpolzer@canteyhanger.com
Scott A. Fredricks
Texas Bar No. 24012657
Email: sfredricks@canteyhanger.com
Cantey Hanger LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, TX  76102
Telephone:  (817) 877-2800
Facsimile:  (817) 877-2807

Attorneys for Plaintiff AMERICAN
BOARD OF OBSTETRICS AND
GYNECOLOGY